Oliver PETROVICH, Petitioner–Appellant,

v.

**Arthur LEONARDO, Superintendent, Great Meadow Correctional Facility, Respondent–Appellee.**

No. 00–2091.

United States Court of Appeals, Second Circuit.

Argued: Sept. 26, 2000

Decided: Oct. 12, 2000

---

Randolph Z. Volkell, North Bellmore, New York, for Petitioner–Appellant.

Denis Dillon, District Attorney, Nassau County, New York, for Respondent–Appellee.

Before: CARDAMONE, McLAUGHLIN, and JACOBS, Circuit Judges.

PER CURIAM.

Oliver Petrovich was convicted in County Court of the State of New York, Nassau County, on two counts of murder in the second degree for the killing of his parents. He appeals from the judgment of the United States District Court for the Eastern District of New York (Seybert, J.) denying his motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The state trial court had offered a jury charge on the affirmative defense of extreme emotional disturbance, which, if accepted by the jury, would have resulted in convictions on the lesser offense of first degree manslaughter. Petrovich, over the advice and vehement objection of his trial counsel, declined to assert the defense. The motion for habeas relief argues that the waiver of that defense was (or was tantamount to) waiver of counsel, and that the trial court should therefore have conducted the requisite inquiry to ascertain whether the waiver was knowing and voluntary.

We reject the analogy to the decision to appear pro se; instead, we consider whether the waiver of the defense was a trial strategy decision that counsel should have been permitted to make, or whether it was a fundamental decision for the defendant alone. We conclude that the decision was for Petrovich to make, and that the trial court's inquiry, which was less searching than would be needed if Petrovich had elected to proceed without counsel, was nevertheless sufficient.

Petrovich's defense during his trial was that, at the time of the offense, he suffered from a mental disease or defect that deprived him of the capacity to appreciate the consequences of his conduct, i.e., not guilty by reason of insanity. After the close of evidence, the state trial judge offered to charge the jury on the affirmative defense of extreme emotional disturbance. If the jury had accepted that defense, Petrovich would have been convicted of two counts of manslaughter in the first degree instead of two counts of murder in the second degree. See N.Y. Crim Proc. L. § 300.50 (McKinney 1993). The large difference in penalty is set forth in the margin.[1]

---

1. Each count of second degree murder is a Class A–I felony and carries a minimum sentence of fifteen years to life, with a maximum of twenty-five years to life. See N.Y. Penal L.

§§ 70.00, 125.25 (McKinney 1998). Each count of first degree manslaughter is a Class B felony and carries a minimum sentence of two to six years, with a maximum of twelve

The proposal to charge the affirmative defense was made at the end of a trial day, and it was accepted by Petrovich's counsel before court recessed. The next morning, however, defense counsel requested a brief recess in order to confer with Petrovich. After consulting, defense counsel informed the court that Petrovich had decided, against counsel's recommendation, to decline the instruction, thereby leaving the jury three possible alternatives on each count: (i) guilty of second degree murder; (ii) not guilty by reason of mental disease or defect; (iii) not guilty. In response to questioning by the court, defense counsel explained that Petrovich was concerned that the jury would reach a compromise verdict instead of not guilty. Counsel assured the court that he had thoroughly discussed with Petrovich the severity of the sentences for each of the crimes, and the nature of defenses available. The court granted counsel a further opportunity to confer with Petrovich, this time for forty minutes.

When the court reconvened, Petrovich remained adamant in refusing to have the defense submitted to the jury. In response to questioning by the court Petrovich affirmed that his counsel had made him aware of the consequences of his action. The prosecution proposed yet another consultation between the defendant and his counsel, which the court allowed and the defense accepted.

After another forty minutes of consultation, Petrovich returned to the courtroom and reaffirmed his decision. Defense counsel urged that the court allow counsel to make the decision, against Petrovich's wishes. The judge declined to do so. After one last inquiry—just before the start of defense's summation—the judge acceded to Petrovich: the jury was not charged on the affirmative defense.

*    *    *

■ Petrovich characterizes his decision to disregard the advice of counsel as a

decision to waive the right to counsel and stand before the court pro se. He contends therefore that before allowing such a waiver of counsel, the trial court was constitutionally required to conduct an inquiry to ensure that Petrovich was "aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942)). Because we conclude that there was never a waiver of counsel, the argument is founded on a faulty premise.

Petrovich was ably represented throughout his trial. Immediately after the supposed waiver of counsel, Petrovich's counsel delivered his summation. The only arguably pro se interval identified by Petrovich is his decision to refuse the instruction on extreme emotional disturbance. But in making that decision, Petrovich received almost two hours of advice from his lawyer.

■ Alternatively, Petrovich argues that the decision to decline the instruction for a lesser charge is in the category of trial strategy decisions, over which counsel has control. *See Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). In order to grant Petrovich's writ on that basis, this Court would need to conclude that in matters pertaining to the assertion of affirmative defenses, a criminal defendant has a Sixth Amendment right to have a trial court disregard the defendant's election and accept the contrary decision of counsel.

Available constitutional doctrines do not compel the grant of the writ on that basis. What little caselaw there is on this subject militates against the recognition of that right. The decision to assert an affirmative defense is akin to other, fundamental trial decisions, such as the decision to plead to a lesser charge or to assert a plea of insanity. *See Jones*, 463 U.S. at 751,

and one half to twenty-five years. *See*

N.Y.P.L. §§ 70.02, 125.20.

103 S.Ct. 3308 ("the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal."); *United States v. Marble,* 940 F.2d 1543, 1547–48 (D.C.Cir.1991) (holding that defendant has the right to refuse a plea of insanity). If that analogy is sound, a court must accept a defendant's will in such matters.

■ However, *Teague v. Lane,* 489 U.S. 288, 301, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), bars this Court from "announc[ing] a new rule [that is] not dictated by precedent existing at the time the defendant's conviction became final." The two exceptions set forth in *Teague* are inapplicable here. The "rule" in question would not "place[ ] certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." *Teague,* 489 U.S. at 307, 109 S.Ct. 1060 (citing *Mackey v. United States,* 401 U.S. 667, 692, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971)) (internal quotation marks omitted). Nor would it "require[ ] the observance of those procedures that ... are implicit in the concept of ordered liberty." *Id.* (citing *Mackey,* 401 U.S. at 693, 91 S.Ct. 1160; quoting *Palko v. Connecticut,* 302 U.S. 319, 325, 58 S.Ct. 149, 82 L.Ed. 288 (1937)) (internal quotation marks omitted); *see also Sawyer v. Smith,* 497 U.S. 227, 242, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990) (holding that for exception to apply, procedure "must not only improve accuracy, but also alter our understanding of the bedrock procedural elements essential to the fairness of the proceeding.") (quoting *Teague,* 489 U.S. at 311, 109 S.Ct. 1060; *Mackey,* 401 U.S. at 693, 91 S.Ct. 1160) (internal quotation marks omitted).

\* \* \*

The district court's order denying Petrovich's motion for a writ of habeas corpus is AFFIRMED.